NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000669
31-OCT-2017
09:14 AM

NO. CAAP-16-0000669

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE ESTATE
OF CARY THORNTON, Deceased,
and
JAMES HALL, Petitioner-Appellant, v.
RANDALL YEE, Special Administrator, and
THE BANK OF AMERICA, N.A., Respondents-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(P. NO. 13-1-0360)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant James Hall (**Hall**) appeals from the Judgment on the Order Denying [Hall's] Motion to Remove Special Administrator and to Surcharge Him for Damages to the Estate (**Judgment**), which was entered on September 9, 2016, by the Circuit Court of the First Circuit (**Probate Court**).[1] Hall also challenges the Probate Court's August 4, 2016 Order Denying [Hall's] Motion to Remove Special Administrator and to Surcharge Him for Damages to the Estate (**Order Denying Removal**).

---

[1] The Honorable Derrick H.M. Chan presided.

On appeal, Hall argues that the Probate Court erred by denying his request to remove Respondent-Appellee Randall Yee (**Yee** or **Special Administrator**) as the Special Administrator of the Estate of Cary Thornton, deceased, on the grounds that (1) the Probate Court lacked jurisdiction to proceed and (2) the Special Administrator lacked statutory authority to proceed and therefore should have been removed.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hall's points of error as follows:

Hall's contention that the Probate Court "lacked jurisdiction to proceed" appears to assert that Hall's due process rights were violated, rather than to challenge the Probate Court's jurisdiction over the proceedings below.

The subject proceedings were initiated upon a Petition for Appointment of Special Administrator (**Petition for Appointment**), which was filed by Bank of America, N.A. (**BofA**). The Petition for Appointment sought the appointment of a special administrator specifically "to take any actions on behalf of the Estate concerning the subject property,[2] by receiving service of process and representing the Estate in a mortgage foreclosure action by allowing said Special Administrator to be substituted for the Decedent and to hold any proceeds payable to the Decedent's Estate pending further instruction from the Court."

---

[2] The subject property is a Hawaii Kai home that was owned by the decedent and is the subject of a foreclosure action by BofA.

[DKT. 10 at 13-14] It appears that the Petition for Appointment and the proceedings related thereto were properly before the Probate Court pursuant to Hawaii Revised Statutes (HRS) §§ 560:1-302 (2006) & 560:3-614 (2006). Hall makes no cogent argument to the contrary and we conclude that his "jurisdiction" argument is without merit.

The gravamen of Hall's appeal is that Yee was appointed as Special Administrator without proper notice to all interested persons, most particularly Hall. Hall further argues that, because he was not given proper notice and an opportunity to be heard on the Petition for Appointment, Yee's appointment was flawed and the Probate Court erred in refusing to remove Yee upon Hall's filing of [Hall's] Motion to Remove Special Administrator and to Surcharge Him for Damages to the Estate (**Motion to Remove**).

HRS § 560:1-401 governs notice in probate and estate matters and states the following:

> **§ 560:1-401  Notice; method and time of giving.**  (a) If notice of a hearing on any petition is required and except for specific notice requirements as otherwise provided, the petitioner shall cause notice of the time and place of hearing of any petition to be given to **any interested person** or the person's attorney if the person has appeared by attorney or requested that notice be sent to the person's attorney, or, in the case of a minor or an incapacitated person, the minor's or incapacitated person's parent or guardian, as appropriate. Notice shall be given:
>
> (1)  By mailing a copy thereof at least fourteen days before the time set for the hearing by certified, registered, or ordinary first class mail addressed to the person being notified at the post office address given in the person's demand for notice, if any, or at the person's office or place of residence, if known;
>
> (2)  By delivering a copy thereof to the person being notified personally at least fourteen days before the time set for the hearing; or

(3)     If the address or identity of any person is not known and cannot be ascertained with reasonable diligence, by publishing at least once a week for three consecutive weeks, a copy thereof in a newspaper having general circulation in the judicial circuit where the hearing is to be held, the last publication of which is to be at least ten days before the time set for the hearing.

(b)     The court for good cause shown may provide for a different method or time of giving notice for any hearing.

(c)     Proof of the giving of notice shall be made on or before the hearing and filed in the proceeding.

(Emphasis added).

In its June 4, 2013 Petition for Appointment, BofA identified the "known or ascertainable" heirs and devisees as Wayne E. Thornton and Shirley Coombs, described as the decedent's mother and father, and Hall, whose relationship/interest was described as "Grantee of Power [of] Attorney." A hearing on the Petition for Appointment was initially set for October 3, 2013. No proof of the giving of notice, pursuant to § 560:1-401(a) & (c), was filed on or before the October 3, 2013. It appears from the Probate Court's minutes, however, that counsel for BofA appeared at the October 3, 2013 hearing and requested a 60-day continuance and leave to give notice by publication. Although no written order was entered, and there is no transcript of the October 3, 2013 hearing in the record on appeal, it appears that BofA's requests were granted and the hearing was continued to December 12, 2013.

On December 4, 2013, an Affidavit of Publication was filed by Julie Clark, a clerk, duly authorized by Oahu Publications, Inc., who averred to the publication on November 14, 21, and 28, 2013, of a notice of BofA's Petition for

Appointment. A copy of the notice, which includes the date, time and place of the December 12, 2013 hearing, was attached to the Affidavit of Publication. It appears that the Affidavit of Publication satisfies the technical requirements for service by publication set forth in HRS § 560:1-401(a)(3) and Hall does not contend otherwise.[3]

There is no transcript in the record on appeal, but it appears from the Probate Court's minutes of the December 12, 2013 hearing and the written order entered on January 4, 2014, that the Probate Court orally granted BofA's Petition for Appointment, subject to removal and refiling of certain documents under seal, and Yee was appointed to serve as Special Administrator. On February 11, 2014, Yee filed an Acceptance of Appointment and on February 18, 2014, Letters of Special Administration were filed.

Hall argues that he is an "interested person," entitled to service under HRS § 560:1-401(a), and the record is devoid of any proof that reasonable attempts were made to serve him by mail or in person. See HRS § 560:1-401(a)(3) (permitting service by publication, "[i]f the address or identity of any person is not known and cannot be ascertained with reasonable diligence").

In response, BofA contends that Hall does not qualify as an "interested person" pursuant to HRS § 560:1-201 and, therefore, notice to Hall was not required and Hall lacks

---

[3] To be clear, the timing and method of the publication was proper. This is not intended to comment on the basis for the Probate Court's authorization of service by publication. Cf. Hustace v. Kapuni, 6 Haw. App. 241, 718 P.2d 1109 (1986) (service by publication may be authorized only upon averment of facts showing that due diligence was exercised to locate the defendant). However, there is no transcript of the October 3, 2013 hearing, or other record of the proffer and/or arguments made for service by publication, and we decline to presume error.

5

standing to contest the appointment of the Special Administrator. HRS § 560:1-201 provides, in relevant part:

> "Interested person" includes heirs, devisees, children, spouses or reciprocal beneficiaries, creditors, beneficiaries, and any others having a property right in or claim against a trust estate or the estate of a decedent, ward, or protected person. It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding.

Hall filed a declaration in support of his Petition to Remove. In his January 19, 2016 declaration, Hall avers, relevant to his purported interest in the Estate:

> 2. The Defendant decedent Cary Coombs Thornton was a neighbor of mine in Hawaii Kai and a very close friend.
>
> 3. Unfortunately he was estranged from his children, Daughter Tara Shook and Son Jared Thornton, and in ill health on July 31, 2012 took his own life.
>
> 4. Upon his death, the coroner had given Tara a sealed package from Cary, which Tara opened in my presence, which included Cary's Will and a note from Cary referencing his inclusion of me in his Will' regarding his Hawaii Kai home.
>
> . . . .
>
> 10. All of Cary's personal assets having been taken away by Tara and Jared and [ex-wife] Pauline and no one protecting the house, I moved in with three of my daughters to protect the house since Cary had told me he wanted me to have the house, and I subsequently invested nearly $100,000 of my own money to maintain the property.

In addition, Hall claims that BofA's reference to him in the Petition for Appointment evidences his interest. BofA contends that Hall has no familial relationship to the decedent and that he has submitted no evidence establishing an identifiable right or interest in the property that is the subject of the Special Administrator proceedings.[4] Yee contends

---

[4] Yee also notes that any claim that Hall may have to be a creditor of the Estate would appear to be barred by the statute of limitations in HRS § 560:3-803.

that, even assuming that Hall was an interested person entitled to notice prior to the filing of the Petition for Appointment, the Probate Code does not mandate his removal.

A special administrator can be removed for cause upon a petition by a person who has an interest in the estate. See HRS §§ 560:3-618 (2006) & 560:3-611 (2006). Hall has no familial relationship to the decedent, Cary Thornton. Hall's otherwise unsupported statement is that three-and-one-half years earlier, he saw a note, purportedly from the decedent, that purportedly referenced the decedent's inclusion of Hall in his will. Hall provides no authority for the proposition that this constitutes sufficient evidence of an interest in the decedent's estate and we find none. Nor can we conclude that Hall's unauthorized occupation of the subject property after the decedent's death, and his unsupported representation that he "subsequently invested nearly $100,000" to "maintain" the property, provides grounds for declaring that he has an interest in the decedent's estate. Consequently, we conclude that Hall did not establish that he was an interested person and that he had standing to seek the removal of Yee as Special Administrator. See In re Estate of Marcos, 88 Hawai'i 148, 157-58, 963 P.2d 1124, 1133-34 (1998).

Even assuming that Hall had standing to seek removal of the Special Administrator, the Probate Court did not err in concluding that Hall failed to show good cause for Yee's removal. There is no evidence whatsoever that Yee had grounds to oppose the foreclosure of the subject property. The generalized accusations by Hall's counsel about the "pernicious and dishonest

practice" of "foreclosing mortgagees," counsel's unsupported statements that there were defenses to the foreclosure, and the mere fact that Yee has served as a special administrator in many cases over a number of years, do not support Hall's assertion that Yee has mismanaged the Estate's interest in the subject property or otherwise failed to perform his duties. See HRS § 560:3-611(b).

Finally, even if Hall should have been provided with notice by personal service or mail prior to Yee's appointment as Special Administrator, we conclude that such error was harmless under the circumstances of this case. See, e.g., Bank of Hawaii v. Shinn, 120 Hawai'i 1, 3, 200 P.3d 370, 372 (2008).

For these reasons, the Probate Court's September 9, 2016 Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 31, 2017.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
(Dubin Law Offices),
for Petitioner-Appellant
James Hall.

Thomas E. Bush,
(Thomas Bush Law Office, LLLC),
for Respondent-Appellee
Randall Yee, Special
 Administrator.

Zachary K. Kondo,
Charles R. Prather,
David E. McAllister,
Justin S. Moyer,
Christina C. Macleod,
(Aldridge Pite, LLP),
for Respondent-Appellee
The Bank of America, N.A.

Chief Judge

Associate Judge

Associate Judge